

PETER P. EDRINGTON, Esq. (074355)
JAMES M. MARZAN, Esq. (133931)
EDRINGTON, SCHIRMER & MURPHY
2300 Contra Costa Boulevard, Suite 450
Pleasant Hill, CA 94523-3936
Telephone: (925) 827-3300
Facsimile: (925) 827-3320

Attorneys for Defendant
FREMONT UNIFIED SCHOOL DISTRICT

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUANNE HESS, | ) CASE NO.: C-08-02400 MMC |
| Plaintiff, | ) |
| vs. | ) **DEFENDANT FREMONT UNIFIED** |
| | ) **SCHOOL DISTRICT'S ANSWER TO** |
| | ) **PLAINTIFF LUANNE HESS'** |
| FREMONT UNIFIED SCHOOL DISTRICT, | ) **COMPLAINT FOR MONETARY** |
| a public entity, | ) **DAMAGES AND DECLARATORY** |
| | ) **RELIEF AND INJUNCTIVE RELIEF** |
| Defendant. | ) |
| | ) |

**DEMAND FOR JURY TRIAL**

Defendant FREMONT UNIFIED SCHOOL DISTRICT hereby demands a jury trial in this case.

**ANSWER**

Comes now, defendant FREMONT UNIFIED SCHOOL DISTRICT and in answer to plaintiff's Complaint for Monetary Damages and Declaratory Relief and Injunctive Relief as follows:

1.     As to the allegations in paragraph 1, defendant acknowledges that the court has subject matter jurisdiction. Defendant denies plaintiff is entitled to any recovery.

1

Answer to Complaint

2.    As to the allegations in paragraph 2, defendant admits the court has authority to grant declaratory and injunctive relief.  Defendant denies plaintiff is entitled to such relief.

3.    As to the allegations in paragraph 3, defendant admits that venue is proper in this court.  Defendant denies that any events or omissions give rise to the claims alleged or entitles plaintiff to any relief.

4.    As to the allegations in paragraph 4, defendant admits the allegations contained in paragraph 4.

5.    As to the allegations in paragraph 5, defendant admits said allegations.

6.    As to the allegations in paragraph 6, defendant admits said allegations. Defendant denies any violation of FLSA and denies that plaintiff is entitled to any relief under FLSA.

7.    As to the allegations in paragraph 7, defendant denies that it employed plaintiff as a vandal watcher; defendant admits that plaintiff was a Vandal Watcher as part of its Vandal Watch Program which was created, implemented and operated by defendant pursuant to the California Education Code §17574 and its predecessor statutes.  Defendant denies plaintiff was an employee of defendant and denies she is entitled to the rights and benefits of FLSA.  Defendant denies all remaining allegations of this paragraph.

8.    As to the allegations in paragraph 8, defendant denies the allegations to the extent that the surveillance services plaintiff agreed to perform pursuant to her lease agreement authorized by California Education Code §17574, are characterized as job duties, responsibilities and/or work of an employee.  Defendant denies plaintiff was an employee.  Defendant admits that plaintiff, as a vandal watcher, had various responsibilities related to surveillance.

9.    As to the allegations in paragraph 9, defendant denies that it employed plaintiff.  Defendant admits that plaintiff was required to reside on defendant's property as part of the Vandal Watch Program pursuant to California Education Code

2

Answer to Complaint

1 §17574, which was subject to a written lease which could be terminated, but denies

2 that it was a condition of employment. Defendant denies all remaining allegations of

3 this paragraph.

4       10.    As to the allegations in paragraph 10, defendant denies said allegations.

5       11.    As to the allegations in paragraph 11, defendant denies that plaintiff

6 worked as an employee and is entitled to wages. Defendant admits that pursuant to

7 the terms and conditions of its Vandal Watch Program and lease agreement as

8 authorized by law under California Education Code §17574, plaintiff had certain

9 surveillance tasks: to be on the school premises during certain non-school hours

10 performing surveillance and conducting patrol, completing log reports, periodically

11 meeting with the site administrator and requiring plaintiff to be "first responder" to

12 emergencies and to report to police/fire department personnel.

13       12.    As to the allegations in paragraph 12, defendant required plaintiff to

14 execute written lease agreements pursuant to California Education Code §17574.

15 Defendant denies that plaintiff was employed and denies that the lease agreements

16 were unlawful.

17       13.    As to the allegations in paragraph 13, defendant denies said allegations.

18       14.    As to the allegations in paragraph 14, defendant denies said allegations.

19       15.    As to the allegations in paragraph 15, defendant incorporates by

20 reference its answers to the allegations in paragraphs 1 – 14.

21       16.    As to the allegations in paragraph 16, defendant denies said allegations.

22       17.    As to the allegations in paragraph 17, defendant denies plaintiff was

23 entitled to wages and denies all allegations contained therein.

24       18.    As to the allegations in paragraph 18, defendant denies plaintiff was

25 entitled to wages and denies all allegations contained therein.

26       19.    As to the allegations in paragraph 19, incorporates by reference its

27 answers to the allegations in paragraphs 1 – 18.

28       20.    As to the allegations in paragraph 20, defendant denies said allegations.

3

Answer to Complaint

21.    As to the allegations in paragraph 21, defendant denies plaintiff was entitled to wages and denies all allegations contained therein.

22.    As to the allegations in paragraph 22, defendant denies plaintiff is or was entitled to wages and denies all allegations contained therein.

23.    As to the allegations in paragraph 23, defendant incorporates by reference its answers to the allegations in paragraphs 1-22.

24.    As to the allegations in paragraph 24, defendant denies plaintiff is or was entitled to wages and denies all allegations contained therein.

25.    As to the allegations in paragraph 25, defendant denies plaintiff is or was entitled to wages and denies all allegations contained therein.

26.    As to the allegations in paragraph 26, defendant denies plaintiff is or was entitled to wages and denies all allegations contained therein.

27.    As to the allegations in paragraph 27, defendant denies plaintiff is or was entitled to wages or any damages or relief and denies all allegations contained therein.

28.    As to the allegations in paragraph 28, defendant incorporates by reference its answers to the allegations in paragraphs 1 – 27.

29.    As to the allegations in paragraph 29, defendant denies said allegations. Defendant denies that plaintiff is entitled to declaratory or injunctive relief.

30.    As to the allegations in paragraph 30, defendant denies said allegations. Defendant denies that plaintiff is entitled to declaratory or injunctive relief.

## AFFIRMATIVE DEFENSES

### FAILURE TO STATE A CAUSE OF ACTION

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant alleges that plaintiff's Complaint fails to state a cause of action against this defendant.

### STATUTE OF LIMITATIONS

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant alleges that plaintiff's causes of action and damages claims are barred by

4

1   all applicable statute of limitations.

2   **GOVERNMENT CODE SECTION 820.2 and 815.2(b)**

3   AS AND FOR A FURTHER SEPARATE, AFFIRMATIVE DEFENSE to the Complaint,

4   defendant alleges that to the extent the acts complained of were within the discretion of public

5   employees, defendant is immune from liability pursuant to the provisions of Government Code

6   Sections 820.2 and 815.2(b).

7   **FAILURE TO MITIGATE**

8   AS AND FOR A FURTHER SEPARATE, AFFIRMATIVE DEFENSE to the Complaint,

9   defendant alleges that plaintiff was bound to exercise reasonable care and diligence to avoid loss

10  and to minimize her damages, if any there were, and that the plaintiff may not recover for losses

11  which could have been prevented by reasonable efforts on her part or by expenditures that she

12  might reasonably have made.

13  **GOVERNMENT CODE SECTION 905**

14  AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the

15  Complaint, this defendant alleges that plaintiff's action is barred to the extent that plaintiff has

16  failed to comply with Government Code Section 905.

17  **GOVERNMENT CODE SECTION 900, ET SEQ.**

18  AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the

19  Complaint, this defendant alleges that plaintiff's Complaint exceeds the scope of her claim, both

20  in respect to theories of liability asserted and to injuries and damages claimed.  It is therefore

21  barred pursuant to Government Code Section 900, et seq.

22  **GOOD FAITH IMMUNITY**

23  AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the

24  Complaint, this defendant alleges that at all times relevant herein, it acted with a good faith belief

25  that its actions were proper and lawful and did not violate clearly established law, and

26  consequently, defendant is entitled to immunity.

27  //

28  //

Answer to Complaint

## PRIVILEGED ACTS

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, this defendant alleges that the acts set forth in the Complaint are privileged, reasonable, and undertaken for legitimate purposes.

## CALIFORNIA GOVERNMENT CODE SECTION 818

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant claims that it is immune from claims for punitive damages, pursuant to California Government Code Section 818.

## LACHES

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant alleges that plaintiff's cause of action is barred under the Doctrine of Laches.

## CALIFORNIA GOVERNMENT CODE IMMUNITIES

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant is immune from suit herein under applicable California immunity statutes, including but not limited to California Government Code sections 818, 818.2, 818.4, 818.8, 820.4, 820.6, 820.8, 821, 821.2, 821.6, 821.8 and 822.2.

## ADMINISTRATIVE REMEDIES

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant alleges that plaintiff has failed to exhaust all available administrative remedies, as required by law.

## EDUCATION CODE §17574, et seq.

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant alleges that plaintiff agreed to perform surveillance/vandal watch services pursuant to lease agreement; that the terms of the lease, including the consideration thereto, were proper, lawful and binding and defendant is not subject to liability pursuant to the provisions of California Education Code, §17574, et seq.

//

6

Answer to Complaint

**ESTOPPEL/UNCLEAN HANDS**

AS AND FOR A FURTHER SEPARATE AFFIRMATIVE DEFENSE to the Complaint, defendant alleges that plaintiff's Complaint is barred by the equitable doctrines of estoppel and unclean hands.

**ASSUMPTION OF RISK**

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, this defendant alleges that if there were any risks and dangers involved in the matters set forth in plaintiff's Complaint, which defendant expressly denies, then said risks and dangers were open and apparent, fully understood by and known to said plaintiff and plaintiff voluntarily assumed said risks, and assumption of said risks was the sole, proximate cause of the alleged injuries and damages, if any there were.

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant alleges that the hours claimed are not hours worked within the meaning of applicable laws so that minimum wage and overtime compensation need not be paid for those hours.

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant alleges that at all times mentioned in the Complaint, the parties were exempt from and/or otherwise not entitled to the minimum wage and/or overtime requirements under law.

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant alleges that plaintiff is not entitled to any damages because any act or omission by defendant was in good faith and defendant had reasonable grounds for believing that its conduct did not violate any provisions of the Labor Code or Industrial Welfare Commission order relating to the minimum wage.

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses, available. Defendant reserves the

Answer to Complaint

1   right to assert additional affirmative defenses in the event investigation and discovery indicates

2   that they would be appropriate.

3         WHEREFORE, defendant prays for relief as follows:

4         1.     That plaintiff take nothing by her Complaint;

5         2.     That defendant be awarded cost of suit herein;

6         3.     That defendant be awarded attorney's fees and costs incurred in the defense of this

7   action;

8         4.     That plaintiff's claim for declaratory relief and injunctive relief be denied; and

9         5.     For such other and further relief as the court deems just and proper.

10  DATED:  June 2, 2008           EDRINGTON, SCHIRMER & MURPHY

11

12                 By _____

13                 James M. Marzan

14                 Attorney for Defendant
                   FREMONT UNIFIED SCHOOL DISTRICT

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Answer to Complaint

Luanne Hess v. Fremont Unified School District – C08-02400 MMC

## PROOF OF SERVICE

I am a citizen of the United States. My business address is 2300 Contra Costa Boulevard, Suite 450, Pleasant Hill, CA 94523. I am employed in the County of Contra Costa where this service occurs. I am over the age of 18 years and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On June 2, 2008, following ordinary business practice, I served the attached document(s) described as **ANSWER TO PLAINTIFF'S COMPLAINT FOR MONETARY DAMAGES AND DECLARATORY RELIEF AND INJUNCTIVE RELIEF** on the interested parties in said action addressed as follows:

JOHN N. KITTA, Esq.                          CHARLES G. WILLIAMS, ESQ.
A. K. ABRAHAM, ESQ.                         4910 Seneca Park Loop
JOHN N. KITTA & ASSOCIATES         Fremont, CA 94538
39560 Stevenson Place, Suite 217
Fremont, CA 94536                               T: 510-659-1953

T: 510-797-7990
F: 510-745-8606

_____         (**BY FACSIMILE**) by transmitting via facsimile the document(s) listed above to the facsimile number(s) set forth above, or as stated on the attached service list, on this date before 5:00 p.m.

X___             (**BY MAIL**) by placing a true and correct copy of the document(s) listed above enclosed in sealed envelope(s) with postage fully prepaid in the U.S. Mail at Pleasant Hill, California.

_____         (**BY PERSONAL SERVICE**) by placing a true and correct copy of the document(s) listed above in sealed envelope(s) and causing said envelope(s) to be delivered by hand this date to the offices of the addressee(s).

_____         (**BY OVERNIGHT DELIVERY**) by placing a true and correct copy of the document(s) in a sealed envelope(s) and causing said envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on June 2, 2008, at Pleasant Hill, California.

Rosalie Loafea