JOHN N. KITTA, ESQ. (SBN 71504)
A.K. ABRAHAM (SBN 86870) Of Counsel
JOHN N. KITTA & ASSOCIATES
39560 Stevenson Place, Suite 217
Fremont, CA 95436
Telephone: 510.797.7990
Fax: 510.745.8606

CHARLES G. WILLIAMS (SBN 172907)
ATTORNEY AT LAW
4910 Seneca Park Loop
Fremont, CA 9453855
Telephone: 510.659.1953
Attorneys for Plaintiff
LUANNE HESS

PETER P. EDRINGTON, Esq. (074355)
JAMES M. MARZAN, Esq. (133931)
EDRINGTON, SCHIRMER & MURPHY
2300 Contra Costa Boulevard, Suite 450
Pleasant Hill, CA  94523-3936
Telephone:  (925) 827-3300
Facsimile:  (925) 827-3320

Attorneys for Defendant
FREMONT UNIFIED SCHOOL DISTRICT

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUANNE HESS,<br><br>        Plaintiff,<br><br>    vs.<br><br>FREMONT UNIFIED SCHOOL DISTRICT,<br>a public entity,<br><br>        Defendant. | CASE NO.:  C-08-02400 JSW<br><br>JOINT CASE MANAGEMENT<br>STATEMENT<br><br>DATE:      August 21, 2008<br>TIME:      11:00 A.M.<br>COURTROOM: 9, 19th Floor |

1

1    The parties first became aware of the Court's Order coordinating the three cases outlined

2    herein for purposes of Case Management on August 18, 2008.

3    This case is brought pursuant to the Fair Labor Standards Act et seq. seeking past wages

4    and overtime pay.  As noted below, there are two related federal court actions and two state court

5    actions which arise out of the DISTRICT's Vandal Watch Program.  One of the state court

6    actions, <u>Russ, et al. v. Fremont Unified School District</u>, Alameda Superior Court Case No. HG-

7    05239834, is on appeal from the granting of a summary judgment in favor of the DISTRICT.

8    The other state court action, <u>William Hess, et al. v. Fremont Unified School District, et al.</u>,

9    Alameda County Superior Court Case No. is a class action.  Plaintiffs have not moved to certify

10   the class.

11   Defendant has been served.

12   **II.    FACTS**

13   This lawsuit arises out of the lease of school property to plaintiffs for residential use under

14   the DISTRICT's Vandal Watch Program.  Defendant asserts that such lease arrangements are

15   authorized by California Education Code Section 17574.   Plaintiff, LUANNE HESS, pursuant to

16   the Fair Labor Standards Act, 29 U.S.C. Section 207(A) et seq. (hereinafter referred to as the

17   "FLSA") filed her complaint seeking wages and overtime pay.

18   The DISTRICT contends that plaintiff signed lease agreements with the DISTRICT

19   pursuant to California Education Code Section 17574, which allows the residential use of land at

20   school sites.  In return, plaintiff agreed to maintain surveillance of the grounds.  Plaintiff alleges

21   that she was an "employee" of the DISTRICT under the meaning of the Act during the entire time

22   they lived on DISTRICT property and is entitled to back pay.

23   **III.    LEGAL ISSUES**

24   **According to Plaintiff:**

25   1.    Is the whether or not defendant was obligated to, and did in fact comply, with

26         FLSA regarding its pay practices to plaintiff under the Fair Labor Standards Act

27         ("FLSA")?

28   //

2

**According to Defendant:**

1.    Is there interstate commerce under Fair Labor Standards Act ("FLSA")?

2.    Is plaintiff an employee within the meaning of the FLSA?

3.    Is the relationship between plaintiff and defendant governed by leases as authorized by the Education Code Section 17574?

## IV.    MOTIONS

The DISTRICT requests that, due to the concurrent state court actions which involve the same set of facts and circumstances and the possibility of inconsistent rulings, that the court stay the federal action under the authority of <u>Daugherty v. Oppenheimer & Co., Inc.</u> 2007 WL 1994187 (N.D.Cal. Jul 05, 2007).  The DISTRICT anticipates filing a Motion for Summary Judgment on the applicability of the federal law in this case, i.e. the lack of requisite interstate commerce under the FLSA, and that California Education Code 17574 is controlling.

Plaintiff intends to file a motion for summary judgment and declaratory/injunctive relief on the grounds that FLSA clearly applies to the DISTRICT and that DISTRICT'S failure to pay Plaintiff in accordance with FLSA is not excused by any state law.

## V.    AMENDMENT OF PLEADINGS

The parties have meet and conferred regarding an Amended Answer to the Complaint.  A proposed Stipulation and proposed Amended Answer have been circulated to plaintiff's counsel.

## VI.    EVIDENCE PRESERVATION

Defendant is unaware of the steps taken by the plaintiff to ensure the preservation of relevant evidence. Plaintiff has no electronic evidence that of which she is aware.

## VII.    DISCLOSURES

Plaintiff and Defendant intend to make its initial disclosures by August 22, 2008.

## VIII.    DISCOVERY PLAN

Defendant intends to serve interrogatories, document requests and request for admissions and depose the plaintiff and any percipient witness to the lease and the services performed. Plaintiff will propose various stipulations to reduce the need for pre-trial discovery and expects to complete that discovery on or before February 15, 2009.

1    **IX.    CLASS ACTIONS**

2        This case is not a class action. As stated earlier, a related class action complaint has been

3  filed in Alameda County Superior Court based solely on California state law. Damages in this

4  action are calculated pursuant to FLSA based on each hour actually worked plus applicable

5  prejudgment interest and penalties.

6    **X.    RELATED CASES**

7        On February 28, 2008, plaintiffs WILIAM HESS, LUANNE HESS and DOT

8  EGGERLING filed an action in Alameda County Superior Court seeking damages and

9  declaratory and injunctive relief. The state action is based on the same theory of recovery, i.e.

10  that plaintiffs as vandal watchers are entitled to minimum wage and overtime pursuant to state

11  law. This is the same theory under which each of the plaintiffs in the following federal court

12  actions:

13        a)    *William Hess v. Fremont Unified School District*, Case No.: C-08-02399 JSW;

14        b)    *Luanne Hess v. Fremont Unified School District*, Case No.: C-08-02400 MMC;

15        c)    *Dot Eggerling v. Fremont Unified School District*, Case No.: C-08-02401 WHA

16        Plaintiffs' allegations in the state action filed in the Superior Court, State of California,

17  County of Alameda, Case No. RG08372899, confirms that plaintiff's' recognize that the three

18  separate federal actions filed by the three individuals arise of the same subject matter as each

19  other's federal action as well as the state action. Counsel intend to file a joint motion to

20  consolidate the actions.

21    **XI.    RELIEF**

22        Plaintiff is seeking monetary damages for her claimed wages and back pay as well as

23  attorney's fees. Damages are calculated pursuant to FLSA based on each hour actually worked

24  plus applicable prejudgment interest and penalties.

25    **XII.    SETTLEMENT AND ADR**

26        The DISTRICT does not request a settlement conference and has requested early neutral

27  evaluation. Plaintiff has requested mediation.

28  //

**XIII.   CONSENT TO A MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties do not consent to a Magistrate Judge for all purposes

**XIV.   OTHER REFERENCES**

The parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**XV.    NARROWING OF ISSUES**

Defendant believes that the applicability of the FLSA and California Education Code Section 17574 can be resolved by summary judgment.  Plaintiff intends to move to strike defendant's affirmative defense under the California Education Code as inapplicable to FLSA claims.

**XVI.   EXPEDITED SCHEDULE**

The parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

**XVII.  SCHEDULING**

<u>The defendant proposed the following dates:</u>

| | |
|---|---|
| Cutoff for non-expert discovery: | October 9, 2009 |
| Designation of experts: | August 15, 2009 |
| Cutoff for expert discovery: | December 15, 2009 |
| Hearing of dispositive motions: | November 15, 2009 |
| Pretrial Conference: | November 1, 2009 |
| Trial: | January, 2010 |

<u>The plaintiff proposes the following dates:</u>

| | |
|---|---|
| Cutoff for non-expert discovery: | April 15, 2009 |
| Designation of experts: | May 15, 2008 |
| Cutoff for expert discovery: | July 1, 2009 |
| Hearing of dispositive motions: | August 15,2009; |
| Pretrial Conference: | September 15, 2009 |
| Trial: | September 22, 2009 |

5

Joint Case Management Statement

**XVIII:    TRIAL**

The case will be tried by the court.  The parties believe that it will take 7 to 10 days, depending upon what issues have been adjudicated prior to trial.

**XIX:  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Aside from the cases referred to under Paragraph X, the parties are unaware of any persons, firms, partnerships, corporations, or other entities who have either (1) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

**XX.    OTHER MATTERS**

There are no items set forth in Civil L.R. 16-10 that have not been addressed above.

DATED:  August 19, 2008

JOHN KITTA & ASSOCIATES
CHARLES G. WILLIAMS, ESQ.

By ELECTRONICALLY FILED
    Charles G. Williams, Esq.
    Attorneys for Plaintiff
    LUANNE HESS

DATED:  August 19, 2008

EDRINGTON, SCHIRMER & MURPHY

By _____
    James M. Marzan
    Attorney for Defendant
    FREMONT UNIFIED SCHOOL DISTRICT

Joint Case Management Statement