```
1  PETER P. EDRINGTON, Esq. (074355)
   JAMES M. MARZAN, Esq. (133931)
2  EDRINGTON, SCHIRMER & MURPHY
   2300 Contra Costa Boulevard, Suite 450
3  Pleasant Hill, CA 94523-3936
   Telephone: (925) 827-3300
4  Facsimile:  (925) 827-3320

5  Attorneys for Defendant
   FREMONT UNIFIED SCHOOL DISTRICT
6
```

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUANNE HESS, | CASE NO.: C-08-02400 JSW |
| Plaintiff, | STIPULATION TO AMEND ANSWER TO COMPLAINT |
| vs. | |
| FREMONT UNIFIED SCHOOL DISTRICT, a public entity, | |
| Defendant. | |

IT IS HEREBY STIPULATED by and between the parties hereto through their respective attorneys of record, pursuant to Fed. Rule of Civil Proc., Rule 15(B)(2), that defendant may file an Amended Answer within ten (10) days of the date of this Stipulation. A copy of the proposed Amended Answer is attached hereto as Exhibit A.

This Stipulation may be executed via facsimile and in counterparts.

DATED: 8/25/08

EDRINGTON, SCHIRMER & MURPHY

By _____
James M. Marzan, Esq.
Attorney for Defendant
FREMONT UNIFIED SCHOOL DISTRICT

DATED: 8/22/08

By _____
Charles G. Williams, Esq.
Attorney for Plaintiff, WILLIAM HESS

1

Stipulation to Amend Answer

# EXHIBIT A

PETER P. EDRINGTON, Esq. (074355)
JAMES M. MARZAN, Esq. (133931)
EDRINGTON, SCHIRMER & MURPHY
2300 Contra Costa Boulevard, Suite 450
Pleasant Hill, CA  94523-3936
Telephone:  (925) 827-3300
Facsimile:   (925) 827-3320

Attorneys for Defendant
FREMONT UNIFIED SCHOOL DISTRICT

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUANNE HESS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>FREMONT UNIFIED SCHOOL DISTRICT,<br>a public entity,<br><br>　　　　Defendant. | CASE NO.:   C-08-02400 JSW<br><br>DEFENDANT FREMONT UNIFIED SCHOOL DISTRICT'S AMENDED ANSWER TO PLAINTIFF LUANNE HESS' COMPLAINT FOR MONETARY DAMAGES AND DECLARATORY RELIEF AND INJUNCTIVE RELIEF |

**DEMAND FOR JURY TRIAL**

Defendant FREMONT UNIFIED SCHOOL DISTRICT hereby demands a jury trial in this case.

**ANSWER**

Comes now, defendant FREMONT UNIFIED SCHOOL DISTRICT and in answer to plaintiff's Complaint for Monetary Damages and Declaratory Relief and Injunctive Relief as follows:

1.    As to the allegations in paragraph 1, defendant acknowledges that the court has subject matter jurisdiction. Defendant denies plaintiff is entitled to any recovery.

2. As to the allegations in paragraph 2, defendant admits the court has authority to grant declaratory and injunctive relief. Defendant denies plaintiff is entitled to such relief.

3. As to the allegations in paragraph 3, defendant admits that venue is proper in this court. Defendant denies that any events or omissions give rise to the claims alleged or entitles plaintiff to any relief.

4. As to the allegations in paragraph 4, defendant admits the allegations contained in paragraph 4.

5. As to the allegations in paragraph 5, defendant admits said allegations.

6. As to the allegations in paragraph 6, defendant admits said allegations. Defendant denies any violation of FLSA and denies that plaintiff is entitled to any relief under FLSA.

7. As to the allegations in paragraph 7, defendant denies that it employed plaintiff as a vandal watcher; defendant admits that plaintiff was a Vandal Watcher as part of its Vandal Watch Program which was created, implemented and operated by defendant pursuant to the California Education Code §17574 and its predecessor statutes. As part of its Vandal Watch Program and as a term and condition of participation, plaintiff was provided coverage under the DISTRICT's insurance policies. Defendant denies all remaining allegations of this paragraph.

8. As to the allegations in paragraph 8, defendant denies the allegations to the extent that the surveillance services plaintiff agreed to perform pursuant to her lease agreement authorized by California Education Code §17574, are characterized as job duties, responsibilities and/or work of an employee. Defendant denies plaintiff was an employee. Defendant admits that plaintiff, as a vandal watcher, had various responsibilities related to surveillance.

9. As to the allegations in paragraph 9, defendant denies that it employed plaintiff. Defendant admits that plaintiff was required to reside on defendant's property as part of the Vandal Watch Program pursuant to California Education Code

2

Answer to Complaint

1  §17574, which was the subject of a written lease which could be terminated, but
2  denies that it was a condition of "employment." Defendant denies it employed
3  plaintiff and all other allegations of this paragraph.
4      10.    As to the allegations in paragraph 10, defendant denies said allegations.
5      11.    As to the allegations in paragraph 11, defendant denies that plaintiff
6  worked as an employee and is/was entitled to wages. Defendant admits that pursuant
7  to the terms and conditions of its Vandal Watch Program and lease agreement as
8  authorized by law under California Education Code §17574, plaintiff had certain
9  surveillance tasks: to be on the school premises during certain non-school hours
10 performing surveillance and conducting patrol, completing log reports, periodically
11 meeting with the site administrator and requiring plaintiff to be "first responder" to
12 emergencies and to report to police/fire department personnel.
13     12.    As to the allegations in paragraph 12, defendant required plaintiff to
14 execute written lease agreements pursuant to California Education Code §17574.
15 Defendant denies that plaintiff was employed and denies that the lease agreements
16 were unlawful.
17     13.    As to the allegations in paragraph 13, defendant denies said allegations.
18     14.    As to the allegations in paragraph 14, defendant denies said allegations.
19     15.    As to the allegations in paragraph 15, defendant incorporates by
20 reference its answers to the allegations in paragraphs 1 – 14.
21     16.    As to the allegations in paragraph 16, defendant denies said allegations.
22     17.    As to the allegations in paragraph 17, defendant denies plaintiff was
23 entitled to wages and denies all allegations contained therein.
24     18.    As to the allegations in paragraph 18, defendant denies plaintiff was
25 entitled to wages and denies all allegations contained therein.
26     19.    As to the allegations in paragraph 19, incorporates by reference its
27 answers to the allegations in paragraphs 1 – 18.
28     20.    As to the allegations in paragraph 20, defendant denies said allegations.

21. As to the allegations in paragraph 21, defendant denies plaintiff was entitled to wages and denies all allegations contained therein.

22. As to the allegations in paragraph 22, defendant denies plaintiff is or was entitled to wages and denies all allegations contained therein.

23. As to the allegations in paragraph 23, defendant incorporates by reference its answers to the allegations in paragraphs 1-22.

24. As to the allegations in paragraph 24, defendant denies plaintiff is or was entitled to wages and denies all allegations contained therein.

25. As to the allegations in paragraph 25, defendant denies plaintiff is or was entitled to wages and denies all allegations contained therein.

26. As to the allegations in paragraph 26, defendant denies plaintiff is or was entitled to wages and denies all allegations contained therein.

27. As to the allegations in paragraph 27, defendant denies plaintiff is or was entitled to wages or any damages or relief and denies all allegations contained therein.

28. As to the allegations in paragraph 28, defendant incorporates by reference its answers to the allegations in paragraphs 1 – 27.

29. As to the allegations in paragraph 29, defendant denies said allegations. Defendant denies that plaintiff is entitled to declaratory or injunctive relief.

30. As to the allegations in paragraph 30, defendant denies said allegations. Defendant denies that plaintiff is entitled to declaratory or injunctive relief.

## AFFIRMATIVE DEFENSES

### FAILURE TO STATE A CAUSE OF ACTION

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant alleges that plaintiff's Complaint fails to state a cause of action against this defendant.

### STATUTE OF LIMITATIONS

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant alleges that plaintiff's causes of action and damages claims are barred by

1 all applicable statute of limitations.

### LACHES

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant alleges that plaintiff's cause of action is barred under the Doctrine of Laches.

### EDUCATION CODE §17574, et seq.

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant alleges that plaintiff agreed to perform surveillance/vandal watch services pursuant to lease agreement; that the terms of the lease, including the consideration thereto, were proper, lawful and binding and defendant is not subject to liability pursuant to the provisions of California Education Code, §17574, et seq.

### ESTOPPEL/UNCLEAN HANDS

AS AND FOR A FURTHER SEPARATE AFFIRMATIVE DEFENSE to the Complaint, defendant alleges that plaintiff's Complaint is barred by the equitable doctrines of estoppel and unclean hands.

### NO COMMERCE

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant alleges that plaintiffs cannot establish that there was interstate commerce as required the Fair Labor Standards Act.

### NOT EMPLOYEE

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant alleges that plaintiffs cannot establish that they were "employees" as required by the Fair Labor Standards Act.

### NO HOURS WORKED

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant alleges that the hours claimed are not hours worked within the meaning of applicable laws so that minimum wage and overtime compensation need not be paid for those hours.

### DEFENDANT EXEMPT

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant alleges that at all times mentioned in the Complaint, the parties were exempt from and/or otherwise not entitled to the minimum wage and/or overtime requirements under law.

### GOOD FAITH ACTS

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant alleges that plaintiff is not entitled to any damages because any act or omission by defendant was in good faith and defendant had reasonable grounds for believing that its conduct did not violate any provisions of the Labor Code or Industrial Welfare Commission order relating to the minimum wage.

### SOVEREIGN IMMUNITY

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant alleges that it is immune under the Eleventh Amendment of the U.S. Constitution.

### ADDITIONAL AFFIRMATIVE DEFENSES

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses, available. Defendant reserves the right to assert additional affirmative defenses in the event investigation and discovery indicates that they would be appropriate.

WHEREFORE, defendant prays for relief as follows:

1. That plaintiff take nothing by her Complaint;
2. That defendant be awarded cost of suit herein;
3. That defendant be awarded attorney's fees and costs incurred in the defense of this action;
4. That plaintiff's claim for declaratory relief and injunctive relief be denied; and
5. For such other and further relief as the court deems just and proper.

| | | |
|---|---|---|
| 1 | DATED: July 25, 2008 | EDRINGTON, SCHIRMER & MURPHY |
| 2 | | |
| 3 | | By _____ |
| 4 | | James M. Marzan<br>Attorney for Defendant |
| 5 | | FREMONT UNIFIED SCHOOL DISTRICT |

Answer to Complaint                                 7